E-FILED
Thursday, 05 May, 2022  01:26:04 PM
Clerk, U.S. District Court, ILCD

**IN THE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| SARAH LUTSCHG,<br>        Plaintiff,<br><br>v.<br><br>PEARL INSURANCE GROUP, LLC,<br>an Illinois Limited Liability<br>Company,<br>        Defendant. | Case No. 1:22-cv-01060-JES-JEH |

**Order**

Now before the Court is Plaintiff Sarah Lutschg's Motion to Strike Defendant's Affirmative Defenses Pursuant to Federal Rule of Civil Procedure 12(f)(2) and Memorandum in Support (Doc. 9) and Defendant Pearl Insurance Group, LLC's Response in Opposition to Plaintiff's Motion to Strike Affirmative Defenses (Doc. 11).  For the reasons set forth below, the Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.

**I**

Defendant Pearl Insurance Group, LLC (Pearl) removed this case to federal court on February 28, 2022.  In her Complaint, Plaintiff Sarah Lutschg alleges she was employed by the Defendant since February 2016, first as a Customer Service Representative, then as a Retention Specialist after being promoted in March 2017, and finally as an Affinity Account Executive after being promoted in December 2018.  She further alleges that at all relevant times, she was diagnosed with and suffered from generalized depression and generalized anxiety which manifested in a variety of ways including anxiety attacks, and her generalized depression is a

disability under the Americans with Disabilities Act (ADA) and the Illinois Human Rights Act (IHRA). She raises six counts: discrimination in violation of the IHRA; failure to accommodate in violation of the IHRA; retaliation in violation of the IHRA; discrimination in violation of the ADA; failure to accommodate in violation of the ADA; and retaliation in violation of the ADA.

Specifically, the Plaintiff alleges that a situation in June 2019 regarding her pay as an Affinity Account Executive exacerbated her anxiety which she discussed with her direct supervisor (Scott Simons) and Defendant's employee in charge of human resources matters (Lisa Hoogerwerf), she later had an altercation with a coworker (Steve Ferman) in October 2019 of which she made Simons and others aware that also had an impact on her disability, and she had a panic attack at work in October 2019 that was observed by coworkers. She contends that she requested reasonable accommodations - that her desk be moved away from Ferman following the October 2019 incident and that she work remotely until a resolution could be reached about feeling unsafe since the incident with Ferman – both of which were denied by Hoogerwerf and Simons. Finally, the Plaintiff alleges that on or about October 28, 2019, the Defendant's President (Gary Hickey) advised the Plaintiff during a telephone call in which Hoogerwerg and Simons participated of her termination saying her termination was because they did not feel like Plaintiff could work under Simons.

On March 7, 2022, the Defendant filed its Answer (Doc. 4) which includes 20 affirmative defenses. The Plaintiff's instant Motion to Strike requests that affirmative defenses 1, 2, 3, 4, 7, 8, 9, 10, 13, 14, 15, 16, 17, 18, 19, and 20 be denied for a variety of reasons including that they simply controvert the Plaintiff's allegations and provide no facts to put the Plaintiff on notice of the particular defense. The Defendant counters generally that the heightened pleading standard does not apply to affirmative defenses, motions to strike are a disfavored remedy,

and the infancy of this case dictates that the Defendant's affirmative defenses should not be stricken.

## II

Federal Rule of Civil Procedure 12(f) provides that, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike are generally disfavored because they potentially serve only to delay.  *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (stating that motions to strike are not favored and "will not be granted unless is appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense" and "are inferable from the pleadings") (collecting cases).  Moreover, courts do not generally grant motions to strike unless the defect in the pleading causes prejudice to the party bringing the motion.  *Hoffman v. Sumner*, 478 F. Supp. 2d 1024, 1028 (N.D. Ill. 2007).

### A

Pursuant to the foregoing authority, the Court will not strike affirmative defenses 1, 2, 3, 7, 8, 9, 10, 13, 14, 15, 18, or 19.  The Plaintiff does not complain of prejudice if these defenses are included, and the Court does not find that any prejudice would befall the Plaintiff if they remain in this case at this time.  As the Defendant argues, these affirmative defenses relate specifically to the allegations contained in the Complaint, and the facts upon which these defenses are based can be inferred from the pleadings as a whole.  *See Riemer v. Chase Bank, N.A.*, 275 F.R.D. 492, 494 (N.D. Ill. 2011) ("It is only when the defense on its face is patently frivolous or clearly invalid, that Rule 12(f) requires that it be stricken. And that generally occurs only if it appears that the defendant cannot succeed under any set of facts that appear in or which may fairly be inferred from the defendant's pleading").  A discovery schedule has not yet been set in this case, though once it

commences, the Defendant may very well abandon some of its affirmative defenses or be better able to articulate the contours of certain affirmative defenses for purposes of additional discovery.  But it is too soon for the Court to make a judgment as to the materiality of any of these affirmative defenses, and it certainly cannot say the inclusion of these defenses at this point is impertinent.

**B**

As for affirmative defenses 4, 16, 17, and 20, the Court finds that those defenses must be stricken.  The Defendant does not make any arguments as to why those affirmative defenses, in particular, should remain.  Those four affirmative defenses are as follows:

4.    Plaintiff's Complaint is barred and any recovery of damages is precluded because Plaintiff cannot prove by a preponderance of the evidence that Defendant discriminated against Plaintiff by any action which Defendant may have taken.

16.    Plaintiff was not disabled, as defined under the Americans with Disabilities Act, 42 U.S.C. § 12102(1), while employed at Defendant and at the time of her termination.

17.    Plaintiff was not disabled, as defined under the Illinois Human Rights Act, 775 ILCS 5/1-103(I), while employed at Defendant and at the time of her termination.

20.    Defendant reserves the right to amend its Answer and to add additional affirmative defenses or counterclaims which may become known during litigation.

Dft's Answer (Doc. 4 at pgs. 20, 22).  The Seventh Circuit has identified two approaches for determining whether a defense not specifically enumerated in Federal Rule of Civil Procedure 8(c) is an affirmative defense:  "a defense is an affirmative defense (a) if the defendant bears the burden of proof under state law or (b) if it does not controvert the plaintiff's proof."  *Winforge, Inc. v. Coachmen*

*Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012).  The Defendant's affirmative defenses 4, 16, and 17 are quite clearly merely denials of the Plaintiff's allegations, and are therefore improperly included as affirmative defenses.  Affirmative defense 20 is on its face not in the nature of an affirmative defense.  Moreover, the Defendant may amend its Answer and add additional affirmative defenses or counterclaims only as warranted by the relevant authority rather than by virtue of "reserving the right" to do so.  *See Central Laborers' Pension, Welfare & Annity Funds v. Parkland Envtl. Grp., Inc.*, No. 11-CV-3184, 2011 WL 4381429, at *2 (C.D. Ill. Sept. 20, 2011) (stating the defendant could not "reserve unto itself the right to amend its pleadings" and, instead, the court would decide whether to allow amendments "in accordance [with] the applicable rules, scheduling orders, and any other appropriate considerations").  Because affirmative defenses 4, 16, 17, and 20 are not properly pled as affirmative defenses, they are stricken with prejudice.

## III

For the reasons set forth above, the Plaintiff's Motion to Strike Defendant's Affirmative Defenses Pursuant to Federal Rule of Civil Procedure 12(f)(2) and Memorandum in Support (Doc. 9) is GRANTED IN PART and DENIED IN PART.  The Motion is granted to the extent that affirmative defenses 4, 16, 17, and 20 are STRICKEN with prejudice.  The Motion is denied with regard to affirmative defenses 1, 2, 3, 7, 8, 9, 10, 13, 14, 15, 18, and 19.

*It is so ordered.*

Entered on May 5, 2022.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE